UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIR SAMANA,

    Plaintiff,

v.

UNIFI AVIATION, LLC, *formerly doing business as* DAL GLOBAL SERVICES, LLC.,

    Defendant.

_____/

CASE NO.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COMPLAINT

Plaintiff, Amir Samana (hereinafter referred to as "**Plaintiff**" and/or "**SAMANA**"), by and through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant Unifi Aviation, LLC, formerly doing business as DAL Global Services, LLC (hereinafter referred to as "**Defendant**" and/or "**Unifi**"), and alleges as follows:

## NATURE OF CASE

1. This is an action for relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and seeks damages to redress the injuries Plaintiff Samana has suffered as a result of being exposed to religious discrimination and retaliation.

2. Furthermore, this action is to redress the Defendant Unifi's unlawful employment practices against Plaintiff Samana, including Defendant Unifi's unlawful discrimination against Plaintiff Samana because of his religion, for failing to engage in a dialogue regarding Plaintiff's request for a reasonable accommodation, and for Defendant's retaliatory actions against Plaintiff for requesting a religious accommodation, all leading to his wrongful and unlawful termination.

1

## JURISDICTION AND VENUE

3. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within West Palm Beach, Florida, which is in Palm Beach County, Florida.

## PROCEDURAL PREREQUISITES

6. Plaintiff has complied with all statutory prerequisites to file this action.

7. On or about November 19, 2021, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant as set forth herein, Charge No. 510-2022-01009.

8. An EEOC filing automatically operates as a dual FCHR filing.

9. On or about August 2, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

10. This action is being commenced less than ninety (90) days from the issuance of Plaintiff's Notice of Right to Sue.

11. This action is being commenced more than (180) days since the inception of Plaintiff's administrative action against the Defendant.

## PARTIES

12. At all material times, Plaintiff Amir Samana (hereinafter referred to as "Plaintiff" or "Samana") is an individual, Muslim male who is a resident of the State of Florida and resides in Broward County.

13. At all material times, Defendant Unifi Aviation, LLC (hereinafter "Defendant" and/or "Unifi") is a Foreign Limited Liability Company duly existing by the virtue and laws of the State of Florida with offices in Palm Beach County, Florida.

14. Defendant Unifi is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

15. At all material times, DAVID GORDON (hereinafter referred to as "GORDON"), an individual man, was Plaintiff's first-line supervisor.

16. At all material times, GORDON was directly involved in the day-to-day supervision and scheduling of the employees and operations for Unifi.

17. At all material times, GORDON held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including but not limited to the power to hire and fire Mr. Samana.

## STATEMENT OF FACTS

18. In or around March 2016, Plaintiff was hired by Defendant as a Fleet Service Clerk.

19. On or around March 2020, Plaintiff was notified that, due to the ongoing pandemic, his position was being placed on hold.

20. On or about January 2021, Plaintiff received a letter from Defendant that included three options for continued employment. The letter stated that Plaintiff could elect to become an active employee; remain inactive; or resign from the position entirely.

21. Shortly after receiving the letter, Plaintiff received a call from Defendant's Office Administrator Kacey Alcendor stating that the letter was incorrect, and that Plaintiff only had two options: return or resign.

22. In response, Plaintiff spoke with his supervisor David Gordon ("Gordon") regarding the options stated in the letter. Gordon told Plaintiff that he did, in fact, have the three options outlined in the letter. Based on this conversation, Plaintiff elected to remain inactive.

23. On or about February 3, 2021, Alcendor sent Plaintiff an email confirming his election to remain inactive. As a result of this decision, Alcendor requested Plaintiff drop off his work badge and parking pass until he became an active employee again.

24. On or about March 16, 2021, Plaintiff received an email from Alcendor regarding his return to work. Alcendor's email requested that Plaintiff call Eddie (last name and position unknown).

25. Accordingly, Plaintiff spoke with Eddie about his availability to return as an active employee. Plaintiff explained that he would prefer to remain inactive because Ramadan was quickly approaching. In response, Eddie requested that Plaintiff send him an email documenting Plaintiff's religious holiday request.

26. On or about March 25, 2021, Plaintiff sent his email request to Eddie specifically delineating his request to remain inactive for the month of Ramadan.

27. On or around April 1, 2021, Eddie replied to Plaintiff's email and stated that Human Resources requested that Plaintiff fill out Defendant's Religious Accommodation Request Form and forward it directly to Human Resources.

28. In accordance with the request, on or about April 9, 2021, Plaintiff forwarded the completed form to Human Resources. Plaintiff also followed up with Eddie and carbon copied Gordon informing both of Plaintiff's compliance.

29. Plaintiff never received a response from the Human Resources Department after submitting his accommodation request form.

30. On or around June 1, 2021, Eddie called Plaintiff and stated that Human Resources had yet to receive Plaintiff's Religious Accommodation Request Form.

31. Plaintiff informed Eddie that he submitted the form as instructed back in April. In turn, Eddie instructed Plaintiff to forward him the email containing the completed accommodation form and promised to touch base with Plaintiff in a few days. Plaintiff complied and forwarded the previous email as instructed. This was the last contact Plaintiff had with Eddie.

32. Plaintiff repeatedly attempted to contact Eddie via his cell phone number following their last conversation but was unsuccessful. Plaintiff also attempted to make contact via Defendant's main office. When Plaintiff asked to speak with Eddie, he was told that Eddie was unavailable. Plaintiff then requested to speak with Gordon. Gordon was similarly unavailable.

33. On June 15, 2021, Claimant received a termination letter from Gordon stating that Plaintiff's failure to contact Defendant equated to a voluntary resignation.

34. Plaintiff once again attempted to get in contact with Gordon, this time at his direct office number and cell. Plaintiff left several voice messages.

5

35. On or around June 21, 2021, Plaintiff sent a direct email to Human Resources and carbon copied Gordon. Plaintiff's email expressed his concerns about his termination letter and Human Resources' failure to receive and process his Religious Accommodation Request Form. Plaintiff sent a follow-up email on or around June 24, 2021.

36. A few days later, Plaintiff was finally able to get in contact with Gordon. Gordon requested that Plaintiff speak to Human Resources once Plaintiff was ready to return to work. Plaintiff responded that his attempts to contact Human Resources had been unsuccessful.

37. After Plaintiff once again failed to hear back from Defendant in any capacity, Plaintiff reached out to Gordon. Plaintiff left multiple voicemails but never heard back.

38. Plaintiff then called Defendant's OPTS Desk to get Human Resources' number. All of Plaintiff's calls went straight to voicemail as their mailbox was full. To date, Plaintiff has not heard back from Defendant.

39. Plaintiff claims a continuous practice of discrimination, claims continuing violations, and makes all claims herein under the continuing violations doctrine.

40. Defendant has exhibited a pattern and practice of unlawful discriminatory conduct.

41. Plaintiff believes he has been discriminated and retaliated against in violation of the Title VII.

42. The above are just some examples of unlawful discrimination, harassment, and retaliation to which the Defendants subjected the Plaintiff, and are not an exhaustive list of Plaintiff's experiences of discrimination and harassment while employed with Defendant.

43. As a result of Defendant's actions, Plaintiff Samana felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other

compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

46. Defendant is either directly or vicariously responsible for the unlawful discrimination and retaliation suffered by Plaintiff.

**COUNT ONE**
**Cause of Action for Discrimination Under Title VII for Disparate Treatment Based on Plaintiff's Religion**

47. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 1-44.

48. At all times relevant, Plaintiff is and was a devoted member of Islam.

49. Defendant Unifi is prohibited under the Title VII from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

50. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*:

    "(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

51. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his religion.

52. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Mr. Samana in the terms and conditions of his employment because of his religion, and Defendant did unlawfully discriminate against Mr. Samana in the terms and privileges of his employment because of his religion in violation of the Title VII.

53. The discriminatory and disparate treatment of Plaintiff included, but was not limited to, failing to reasonable accommodate Plaintiff's request for a religious accommodation and unlawfully terminating Plaintiff because of his religion.

54. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of his religion, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

55. Mr. Samana was subject to unwelcome, offensive, and harassing discriminatory conduct during her employment with Unifi and this conduct was directed to and perpetuated upon Plaintiff because of his religion.

56. As a result of his religion, Defendant Unifi subjected and permitted its employees to expose Plaintiff to discrimination and unlawful discharge.

57. Unifi was notified about and was otherwise aware of the discriminatory conduct and policies directed at Mr. Samana by Defendant's employees and failed to take appropriate corrective action.

58. Defendant violated the Title VII by unlawfully discharging and discriminating against Plaintiff based his religion, of which the Defendant was fully aware.

59. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

60. Conduct of Defendant Unifi and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

61. Plaintiff requests that his attorney's fees and costs be awarded as permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

## COUNT TWO
### Cause of Action for Retaliation Under Title VII

62. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 1-44.

63. Title VII prohibits retaliation against an employee for opposing conduct which would violate the terms of Title VII.

64. Plaintiff opposed discriminatory conduct by Defendant which is prohibited by Title VII when he complained to Defendant about the religious discrimination that he was subjected to as described and set forth above.

65. Plaintiff's complaints about Defendant's unlawful and discriminatory actions, therefore, constituted protected activity under Title VII.

66. Mr. Samana complained of his supervisors' refusal to grant him a religious accommodation and requested that Defendant provide him a reasonable accommodation.

67. At all times relevant, Mr. Samana acted in good faith and with the objective and subjective belief that Defendant Unifi's employees violated of the law and his protected rights.

68. After expressing his opposition to the unlawful discriminatory conduct, Defendant retaliated against Plaintiff by, among other things, wrongfully and unlawfully terminating Plaintiff's employment.

69. The adverse employment actions by Defendant were the result of Plaintiff's opposition to the discriminatory conduct to which he was subjected, in violation of Title VII.

70. Defendant's alleged bases for its adverse employment actions against Plaintiff are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

71. Defendant Unifi's employees unlawfully retaliated against Mr. Samana because he opposed a practice made unlawful by Title VII. Defendant Unifi would not have terminated Mr. Samana but for his opposition.

72. As a result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer

emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

73. Plaintiff requests that his attorney's fees and costs be awarded as permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

## **DEMAND FOR JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII.

| | |
|---|---|
| Dated:  Miami, Florida<br>         September 9, 2022 | **DEREK SMITH LAW GROUP, PLLC**<br><br> *s/ Lauren Wilson*<br>Lauren Wilson, Esq.<br>Fla Bar No. 1024850<br>701 Brickell Ave, Suite 1310<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Lauren@dereksmithlaw.com<br><br>*Counsel for Plaintiff* |